Weygandt, C. J.
 

 Two assignments of error are urged. The first is that “the finding and order of the Commission are unreasonable and unlawful in that they are against the manifest weight of the evidence.”
 

 In considering this assignment of error it is unnecessary to indulge in an extended discussion of the evidence. It is sufficient to observe that the findings of the Commission and the transcript of the evidence both show repeated and flagrant violations of the motor ‘transportation laws of Ohio and also of the terms of respondent’s certificate. Had these violations — more than one hundred in number — been occasional and minor, there might have been some basis for not disturbing the finding and order of the Commission; but the record conclusively shows a settled course of conduct based upon an utter flouting of both the motor transportation laws and the terms of the certificate. True, the commission found that George Patton as an individual and as president of the respondent was personally responsible for the operating practices mentioned in the interlocutory order; but, even if the correctness of this finding were conceded, it could not serve as a defense in this case, inasmuch as Patton owned the controlling interest in the stock of the corporation and was in full charge of the company’s operations. Under such circumstances
 
 *237
 
 this court has no alternative hut to reverse the finding and order of the commission on the ground that they are unreasonable and unlawful because manifestly against the weight of the evidence.
 

 In his opinion in the case of
 
 Hocking Valley Ry. Co.
 
 v.
 
 Public Utilities Commission,
 
 100 Ohio St., 321, at page 326, 126 N. E., 397, Judge Johnson used this language: “As is well known, this court does not pass upon the weight of evidence in proceedings before it, where that matter has been determined in courts below. But under the new procedure this is the first court to which the proceeding is brought, and the duty is imposed upon us to pass upon all questions disclosed by the record, including the weight of the evidence. ’ ’
 

 The second assignment of error is that the finding and order of the commission are contrary to law..
 

 It seems that after the second hearing on May 16, 1932, a receiver was appointed by the Court of Common Pleas of Summit County to take charge of the respondent’s business. Shortly thereafter a trustee in bankruptcy was appointed in federal court to administer the assets of the company. This trustee filed with the commission an application for authority to transfer the certificate in question as an asset of the bankrupt estate. The. commission recognized this application, and used it as a basis for its final order, although no further evidence was introduced. This was prejudicial error inasmuch as the only question properly before the commission was whether the conduct of the respondent in the operation of its motor-trucking business had been such as to warrant a revocation of the certificate. Neither the application itself nor evidence relating to it could have been either relevant or material in deciding this issue.
 

 
 *238
 
 The finding and order of the commission are reversed and the cause remanded.
 

 Order reversed cmd cause remanded.
 

 Day, Allen, Stephenson, Jones and Matthias, JJ., concur.
 

 Kinkade, J., not participating.